UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD L. SHERIDAN, JR [Pro Se], )
345 N. Springdale Rd. )  Case: 1:16-cv-00805      (I-Deck)
Westminster, MD 21158-4043 )  Assigned To : Jackson, Ketanji Brown
410 984 3873, )  Assign. Date : 4/29/2016
 )  Description: FOIA/Privacy Act
        Plaintiff )
 )
    vs. )
 )
U.S. OFFICE OF PERSONNEL MANAGEMENT )
1900 E. St NW )
Washington, DC 20415-1000 )
 )
        Defendant )

## COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff Ronald L. Sheridan, Jr. is alleging a violation of the Freedom of Information Act (FOIA) (5 U.S.C. § 552) by Defendant U.S. Office of Personnel Management for failing to respond to a lawful request by Plaintiff to release federal records maintained by Defendant.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) because the action is under FOIA, and 28 U.S.C. § 1331 because the Defendant is the United States government.

3. The venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4. Plaintiff Ronald L. Sheridan, Jr., also known by nickname as Lee Sheridan, is a United States citizen residing in the state of Maryland, appearing pro se.

5. Defendant U.S. Office of Personnel Management (OPM) is an independent agency of the Executive branch of the United States government, headquartered in the District of Columbia.

**STATEMENT OF FACTS**

6. Defendant OPM operates a computer system known as Electronic Questionnaires for Investigations Processing ("e-QIP").

7. OPM maintains records related to e-QIP, including computer files containing documentation and source code.

8. Plaintiff sought certain records maintained by OPM related to e-QIP under the Freedom of Information Act, with the intention to better understand OPM's business processes, particularly with respect to workflow automation, information system management, and information security management.

9. On April 15, 2015, Plaintiff submitted a Freedom of Information Act request to OPM via e-mail, which read, in part [n.b.: Plaintiff is exceedingly embarrassed by the spelling errors in the original request]:

> Pursuant to the Freedom of Information Act (5 USC § 552), I hereby request the following records: Computer files containing the source code to the Office of Personnel Management's "Electronic Questionnaires for Investigations Processing (e-QIP)" application and computer files or hardcopy records containing design and operations documentation for e-QIP.
>
> The source code request includes all computer files or similar records which contain code necessary to operate e-QIP, including files containing source code developed by or on behalf of the federal government. I would prefer a complete copy of any source code repository containing all versions of the software which has been developed, however if such a repository

is not available, please provide a copy of the source code that was in production use on April 15, 2015.

To elaborate on the associated documentation request: I am requesting technical specification documentation similar to those commonly known as "Software Design Docum nents", which describe data structures, system architecture, integration documenation, and interface descriptions. I am also requesting any operational docum ention which provides procedures for installation, configuration, and maintenance of the software.

I would like to receive these records in electronic format.

10. Plaintiff received an automated e-mail reply to the records request indicating that read, in part:

Your request has been received by the U.S. Office of Personnel Management (OPM) Freedom of Information Act (FOIA) Requester Service Center in Washington, DC. Your request will be forwarded to the appropriate OPM office for response as quickly as possible.

11. Plaintiff received an e-mail from OPM on April 17th that contained an acknowledgment letter confirming that the request had been received, and assigning it "request number" 2015-02551.

12. The acknowledgment letter did not indicate whether OPM had determined if it would release the requested records.

13. The Freedom of Information Act requires agencies to "determine within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." (5 U.S.C. § 552(a)(6)(A)(i))

14. As of June 26, 2015, well after the 20-day time limit had expired, OPM had not yet notified Plaintiff of its determination whether to comply with Plaintiff's request. On that date, in an attempt to compel a response, Plaintiff sent an e-mail status request to OPM, to which Plaintiff received an auto-reply e-mail message similar to the one described in paragraph 10.

15. Having still received no communication from OPM, Plaintiff sent another status request on December 8, 2015, again receiving the same auto-reply message as described in paragraph 10.

16. On December 24, 2015, Plaintiff received an e-mail message from OPM which read, in part: "Your FOIA coordinator, and the person to whom your request was assigned, is out of the office until Friday, January 1st. I have copied Tiffany Ford on this response so she can provide an update to you once she returns to work on Monday, January 4th."

17. The response promised by OPM in the December 24, 2015 e-mail was never received.

18. OPM clearly did not meet the twenty day window to determine whether to comply with the request and notify Plaintiff of their decision.

19. In spite of Plaintiff's repeated attempts to compel a response, OPM did not avail itself of any of the remedies available in the Freedom of Information Act for an agency who cannot reasonably provide a timely response to a FOIA request. In particular, OPM did not provide notice that an "unusual circumstance" exists that requires additional time to respond to the request as it would be permitted to do under 5 U.S.C. § 552(a)(6)(B)(i), nor did it provide "the date on which a determination is expected to be dispatched". OPM did not request that Plaintiff "reasonably modify the scope of the request or arrange an alternative time frame for processing the request", which OPM would have been entitled to request in the case of a legitimate extraordinary circumstance as per 5 U.S.C. § 552(a)(6)(C).

20. Given the auto-reply messages, the acknowledgment letter, and the human contact on December 24, 2015, Plaintiff reasonably concludes that OPM is in receipt of his communications.

21. Due to a lack of response on behalf of OPM, Plaintiff was forced to conclude that OPM is either failing to act with due diligence, or intentionally ignoring the request.

22. Plaintiff believes that the lack of response for either of these reasons constitutes a constructive denial of his request (Oglesby v. Dep't of Army, 920 F.2d 57 (DC Cir. 1990)).

23. On February 1, 2016, Plaintiff submitted an administrative appeal of the constructive denial as per the appeals process documented on the FOIA section of OPM's public website (https://www.opm.gov/information-management/freedom-of-information-act/#url=Appeals).

24. The appeal was submitted via the United States Postal Service Priority Express service, for which Plaintiff has a delivery confirmation. As such, Plaintiff reasonably believes that OPM is in receipt of his administrative appeal.

25. Per 5 U.S.C. § 552(a)(6)(A)(ii), OPM must "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination..." Even allowing a generous time cushion for transit of the appeal letter, a federal holiday, and several snow events (which only resulted in delayed openings or leave flexibility), the twenty day time timeframe for the notification of OPM's appeal determination lapsed well before March 11, 2016.

26. To date, Plaintiff has not received any response from OPM indicating the outcome of the determination.

27. OPM has failed to meet the statutory deadlines for the original request and the administrative appeal, as well as additional time that Plaintiff was willing to wait on assumption of a good faith delay on the part of OPM. However, given the fact that an entire year has elapsed from Plaintiff's original request without a substantive reply from Defendant, Plaintiff can no longer assume good faith on the part of OPM.

28. As per the conditions set forth in 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted his administrative remedies because OPM did not respond within the applicable time limit provisions for either the original request or the administrative appeal.

29. Plaintiff has a statutory right to the records that he requested, and there is no legal basis for OPM to withhold the records.

30. Plaintiff is suffering irreparable harm due to OPM's failure to disclose the records. For instance, Plaintiff wishes to use the requested records to develop a presentation for a professional conference. If OPM does not provide the records soon, Plaintiff anticipates missing the conference paper submission deadline.

31. Plaintiff seeks relief of this harm from this Court.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief:

A. Declare Defendant's failure to make a determination on whether to comply with Plaintiff's FOIA request within twenty working days to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B. Declare Defendant's failure to respond to Plaintiff's administrative appeal within twenty working days to be unlawful under FOIA, 5 U.S.C. 552(a)(6)(A)(ii);

C. Declare Defendant's failure to provide the requested records to be unlawful under FOIA, 5 U.S.C. § 552(a)(3)(A);

D. Order Defendant to release the requested records to Plaintiff without further delay;

E. Award Plaintiff's litigation costs as per 5 U.S.C. § 552(a)(4)(E)(i); and

F. Grant any further relief as the Court may deem just and proper.

Respectfully Submitted,

Ronald L. Sheridan, Jr.
345 N Springdale Rd.
Westminster, MD 21158-4043
410 984 3873
opm-foia-lawsuit@leebert.org