IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD L. SHERIDAN, JR.        )
                                         )
           Plaintiff,         )
                                         )
      v.                      )     CASE NO. 16-cv-00805 (KBJ)
                                         )
U.S. OFFICE OF PERSONNEL     )
MANAGEMENT                   )
                                         )
           Defendant.      )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the Office of Personnel Management ("Defendant"), by and through undersigned counsel, respectfully submits the following as its Answer to Plaintiff's Complaint. Defendant responds specifically to each numbered paragraph of the complaint by admitting, denying, and averring as follows:

### FIRST DEFENSE

The information requested in Plaintiff's Freedom of Information Act ("FOIA") request may be exempt in whole or in part under the FOIA. See 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Complaint should be dismissed in whole, or in part for failure to state a claim upon which relief can be granted.

### SPECIFIC RESPONSES

Defendant responds to the numbered paragraphs of the Complaint as follows:

1.      Paragraph 1 contains a description of Plaintiff's claims to which no response is required. To the extent any response is required, the allegations are denied.

2.      This paragraph contains Plaintiff's conclusions of law regarding this Court's jurisdiction, to which no response is required.

3.      This paragraph contains Plaintiff's conclusions of law regarding proper venue, to which no response is required.

4.      Paragraph 4 consists of Plaintiff's description of himself which Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Admit.

6.      Admit.

7.      Admit.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Admit that Plaintiff submitted a FOIA request to OPM on April 15, 2015 and refers the Court to that request for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent not consistent with the content of the referenced FOIA request.

10.     Admit that Defendant's FOIA tracking system sends out auto-replies upon receipt of a new FOIA request; however, Defendant does not keep a copy of the reply sent. Accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11.     Admit that Defendant sent an email to Plaintiff on April 17, 2015 with regard to his April 15, 2015 FOIA request and refers the Court to that response letter and the forwarding email for a complete and accurate statement of its contents. Defendant

denies the allegations in this paragraph to the extent not consistent with the content of the referenced documents.

12.     Admit.

13.     Paragraph 13 contains Plaintiff's legal conclusions regarding the Freedom of Information Act, 5 U.S.C. § 552, to which no response is required.

14.     Paragraph 14 contains Plaintiff's legal conclusions regarding Defendant's compliance with the FOIA, 5 U.S.C. § 552, to which no response is required. Admit that Plaintiff sent a status request to Defendant on June 26, 2015. Admit that Defendant's FOIA tracking system is set to send out automatic replies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15.     Admit that Plaintiff sent a status request to Defendant on December 8, 2015 and that Defendant's FOIA tracking system sends out automatic replies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16.     Admit that Defendant sent an email response on December 24, 2015 and refers the Court to a copy of the response for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent not consistent with the content of the referenced document.

17.     Defendant admits that the update referenced in the December 24, 2015 e-mail message was not provided to Plaintiff and otherwise denies the allegations in this paragraph.

18.     Paragraph 18 contains Plaintiff's legal conclusions regarding Defendant's

compliance with the FOIA, 5 U.S.C. § 552, to which no response is required.

19.     Paragraph 19 contains Plaintiff's legal conclusions regarding OPM's actions pursuant to Defendant's FOIA request, to which no response is required.  To the extent any response is required, Defendant admits that it did not provide notice that an "unusual circumstance" exists, did not provide "the date on which a determination is expected to be dispatched" and did not request that Plaintiff "reasonably modify the scope of the request or arrange an alternative time frame for processing the request."

20.     In response to the allegations in this paragraph which pertain to Plaintiff's alleged state of mind, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     In response to the allegations in this paragraph which pertain to Plaintiff's alleged state of mind, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     In response to the allegations in this paragraph which pertain to Plaintiff's alleged state of mind, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Admit that Plaintiff submitted a FOIA appeal of this matter dated February 1, 2016 and refers the Court to the appeal for a complete and accurate statement of its contents.

24.     Defendant admits that it received a FOIA appeal from Plaintiff on February 4, 2016.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

25.     Paragraph 25 contains Plaintiff's legal conclusions about Defendant's

compliance with the FOIA, to which no response is required.

26.     Admit that Defendant has not issued a response to Plaintiff's appeal.

27.     Paragraph 27 contains Plaintiff's legal conclusions about Defendant's compliance with the FOIA, to which no response is required.

28.     Paragraph 28 contains Plaintiff's legal conclusions regarding 5 U.S.C. § 552, to which no response is required.

29.     Paragraph 29 contains Plaintiff's legal conclusions regarding 5 U.S.C. § 552, to which no response is required.

30.     Defendant denies the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31.     This paragraph contains Plaintiff's characterization of the relief sought in this action to which no response is required. To the extent any response is required, Defendant denies the allegations in this paragraph.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein. The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief for which Plaintiff prays, or to any other relief as to Defendant.

WHEREFORE, having fully answered, Defendant respectfully requests that the Complaint be dismissed with prejudice, and that this Court award Defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 6, 2016, I caused the foregoing Answer to be served by depositing a copy in United States First-Class mail, postage prepaid, addressed to:

> Ronald L. Sheridan, Jr.
> 345 North Springdale Road
> Westminister, MD 21158-4043

___/s/___
Jeremy S. Simon
Assistant United States Attorney
