## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD L. SHERIDAN, JR.      ) | |
|      ) | |
| Plaintiff,      ) | |
|      ) | |
| v.      ) | Case No. 16-cv-00805 (KBJ) |
|      ) | |
| U.S. OFFICE OF PERSONNEL      ) | |
| MANAGEMENT,      ) | |
|      ) | |
| Defendant.      ) | |
|      ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Ronald L. Sheridan, Jr., has brought this action against Defendant, the United States Office of Personnel Management ("OPM"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging OPM's decision to withhold in full all responsive records subject to FOIA sought in Plaintiff's FOIA request. That request sought source code and design and operations manuals regarding OPM's electronic questionnaire for investigations processing ("e-QIP") system.

As of the date of this filing, OPM has satisfied all of its obligations with respect to Plaintiff's FOIA request. OPM has conducted an adequate search for responsive records and has properly withheld the requested information under Exemptions 2 and 7(E) of FOIA. As there are no material facts in dispute, Defendant respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment as to all claims asserted in this action. Defendant respectfully submits that the attached memorandum of points and authorities, supporting declaration and exhibits thereto establish that OPM is entitled to the relief it seeks.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   __/s/_____
JEREMY S. SIMON
D.C. BAR # 447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD L. SHERIDAN, JR.          ) | |
|          ) | |
|       Plaintiff,          ) | |
|          ) | |
|       v.          ) | Case No. 16-cv-00805 (KBJ) |
|          ) | |
| U.S. OFFICE OF PERSONNEL          ) | |
| MANAGEMENT,          ) | |
|          ) | |
|       Defendant.          ) | |
|          ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), Defendant, OPM, respectfully submits this Statement of Material Facts Not in Genuine Dispute in support of Defendant's Motion for Summary Judgment.

1. By email dated April 15, 2015, plaintiff submitted a FOIA request to OPM for "[c]omputer files containing the source code to the Office of Personnel Management's 'Electronic Questionnaires for Investigations Processing (e-QIP)' application and computer files or hardcopy records containing design and operations documents for e-QIP." (*See* Ex. 1 to Anderson Decl.)

2. OPM functions as the human resources service provider for Federal agencies in the executive branch and, as part of that function, provides over 90% of the Government's background investigations, conducting over two million investigations a year. (Anderson Decl. ¶ 21)

3. In support of this mission, OPM utilizes the e-QIP system, which provides secure,

web-based access for applicants to enter, update, and transmit an electronic Standard Form-86, Questionnaire for National Security Positions (SF-86), Standard Form-85P, Questionnaire for Public Trust Positions (SF-85P), and Standard Form-85, Questionnaire for Non-Sensitive Positions (SF-85).  (Anderson Decl. ¶ 14)

4.   The SF-86, SF-85P, and SF-85 are extensive, multi-page forms, which, among other things, asks for information from individuals regarding citizenship, birth information, residence, and contact information about themselves and close family members, as well as education, employment, financial, criminal history, health, and information about foreign contacts for the purpose of assisting with the activities described above.  (Anderson Decl. ¶ 15)

5.   E-QIP is the electronic version of the SF-86, SF-85-P and SF-85, and OPM utilizes the e-QIP system as an interface for background investigations submissions.  The e-QIP system is accessed via a secure website by individuals and is also designed to house the completed personnel security investigative forms.  While the blank forms are available at OPM's web site and otherwise is publicly available, applicants can only access the e-QIP system if they have been invited to do so by an appropriate official at their sponsoring agency.  (Anderson Decl. ¶ 15)

6.   OPM's background investigations serve a law enforcement purpose, namely, to ensure that applicants and other persons subject to investigation, such as military personnel, contractors, and employees requiring security clearances have not broken the law or engaged in other conduct making them ineligible for a clearance; and to determine whether there are any law enforcement or security issues that could adversely affect the national security of the United States.  (Anderson Decl. ¶ 27)

7.   OPM conducted a reasonable search for the information requested in the FOIA

request and, based on that search located source code as well as a 109 page operations manual and a 79 page design manual.  (Anderson Decl. ¶¶ 12-13)

8.   Access to the source code and related design and operations documents are not shared publicly and were designed strictly for internal OPM use.  (Anderson Decl. ¶ 23)

9.   Public access to the source code and related design and operations documents could render the e-QIP system vulnerable to cyber attacks and compromise the integrity of the system and risk unauthorized access to investigative and other sensitive information.  (Anderson Decl. ¶¶ 28-33)

10.   OPM has withheld all of the requested information under Exemption 2 and 7(E) of FOIA and reasonably determined that there is no non-exempt segregable information that can be produced in response to the request.  (Anderson Decl. ¶¶ 35)

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   _/s/_____
JEREMY S. SIMON
D.C. BAR # 447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RONALD L. SHERIDAN, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-00805 (KBJ) |
| ) | |
| U.S. OFFICE OF PERSONNEL ) | |
| MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Ronald Sheridan, has brought this action against Defendant, the United States Office of Personnel Management ("OPM"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging OPM's response to a FOIA request seeking source code for the OPM's electronic questionnaire for investigations processing ("e-QIP") system, as well as certain design and operations documentation for e-QIP. (Compl. ¶ 9). Because release of that information could undermine the security of OPM's e-QIP system, and thus allow for the circumvention of the investigative law enforcement function of that system, OPM has withheld the requested information under Exemption 7(E) of FOIA. Moreover, OPM also relies on Exemption 2 of FOIA because the requested information relates "solely to the internal personnel rules and practices of an agency." Thus, OPM has properly withheld the requested information, whether under Exemption 2 or 7(E), or some combination of both, and summary judgment therefore should be granted.

## FACTUAL BACKGROUND

The accompanying Statement of Material Facts addresses the processing of the FOIA request at issue and is incorporated herein by reference.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movany is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 248. A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

The "vast majority" of FOIA cases are decided on motions for summary judgment. *See Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *Media Research Ctr. v. U.S. Dep't of Justice*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment."); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) ("*CREW*"). An agency may be entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records and each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its

burden, a defendant may rely on reasonably detailed and non-conclusory declarations. *See McGehee v. C.I.A.*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974); *Media Research Ctr.*, 818 F. Supp. 2d at 137. "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *CREW*, 478 F. Supp. 2d at 80 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Research Ctr.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## ARGUMENT

The FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by one or more of the Act's nine exemptions. 5 U.S.C. § 552(b); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989). Once the court determines that an agency has released all non-exempt material, it has no further judicial function to perform under the FOIA and the FOIA claim is moot. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Muhammad v. U.S. Customs & Border Prot.*, 559 F. Supp. 2d 5, 7-8 (D.D.C. 2008). As demonstrated below, OPM satisfied its obligation to conduct an adequate search for records responsive to Plaintiff's FOIA request and properly withheld the requested information pursuant to applicable FOIA exemptions 2 and 7(E).

## I.   OPM CONDUCTED A REASONABLE SEARCH.

OPM conducted a reasonable search for records responsive to Plaintiff's FOIA request. That search uncovered computer source code information for the e-QIP system, as well as a 79 page design manual and 109 page operations manual. (Anderson Decl. ¶¶ 12-13)

Under the FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983); *see Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."). A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (noting that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). Rather, a search is inadequate only if the agency fails to "show, with reasonable detail, that the search method . . . was reasonably calculated to uncover all relevant documents." *Oglesby*, 920 F.2d at 68. An agency, moreover, is not required to examine "virtually every document in its files" to locate responsive records." *Steinberg v. Dept. of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994; *see also Hall v. U.S. Dep't of Justice*, 63 F. Supp. 2d 14, 17-18 (D.D.C. 1999) (finding that agency need not search for records concerning subject's husband even though such records may have also included references to subject). Rather, as here, it is appropriate for an agency to search for responsive records in accordance with the manner in which its records are maintained. *Greenberg v. Department of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998).

A FOIA requester also has an obligation to "reasonably describe" the records sought and, when requested, to provide additional information to assist the agency in identifying the records sought. *Latham v. Department of Justice,* 658 F. Supp. 2d 155, 160-61 (D.D.C. 2009). FOIA requests for "all documents" regarding a subject matter are improper when they fail to reasonably describe the records sought or are unduly burdensome to process. *Id.* at 161-62. An agency "'need not honor a request that requires an unreasonably burdensome search.'" *Id.* at 161.

Once an agency demonstrates the adequacy of its search, the agency's position can be rebutted "only by showing that the agency's search was not made in good faith." *Maynard v. C.I.A.*, 986 F.2d 547, 560 (1st Cir. 1993). Hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of an agency's search. *Oglesby*, 920 F.2d at 67 n.13. "Agency affidavits enjoy a presumption of good faith that withstands purely speculative claims about the existence and discoverability of other documents." *Chamberlain v. U.S. Dep't of Justice*, 957 F. Supp. 292, 294 (D.D.C. 1997), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).

Here, in response to the FOIA request, OPM undertook a search that was reasonably calculated to uncover all relevant documents. As stated in the accompanying Anderson declaration, the requested e-QIP source code is maintained in a central repository. (Anderson Decl. ¶ 12) In addition, with respect to the requested manuals, OPM obtained those by searching the appropriate office within OPM reasonably likely to maintain that information. (Anderson Decl. ¶ 13) Accordingly, OPM's search was reasonable. *See Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (observing that the adequacy of an agency's search "is measured by the reasonableness of the effort in light of the specific request"); *Am. Immigration Council v.*

*U.S. Dep't of Homeland Sec.*, No. 11-1971 (JEB), 2012 WL 5928643, at *4 (D.D.C. Nov. 27, 2012) (finding that agency's methodology was "sound" where agency compared the FOIA request to its program offices' functions in order to determine which component offices to search).

## II.    OPM PROPERLY APPLIED FOIA EXEMPTIONS 2 AND 7(E)

### A.    OPM PROPERY APPLIED EXEMPTION 7(E)

As a threshold matter, FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information" would result in one of six specified harms.  5 U.S.C. § 522(b)(7). Prior to invoking any one of the enumerated harms under FOIA Exemption 7, the agency must demonstrate that the records at issue were compiled for a law enforcement purpose. *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (To show that documents are "compiled for law enforcement purposes" to fall within Exemption 7, an agency "need only 'establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law.'"). An agency need not link its collection of material to a specific or ongoing investigation. *See, e.g.*, *Tax Analysts v. IRS*, 294 F.3d 71, 78 (D.C. Cir. 2002).

Here, OPM has invoked Exemption 7 to protect the source code for its e-QIP background investigation system, as well as design and operations manuals for e-QIP.  The records at issue were compiled for a law enforcement purpose and thus satisfy the threshold requirement of Exemption 7.  *See, e.g., Mittleman v. OPM*, 76 F.3d 1240 (D.C. Cir. 1996) (upholding OPM's withholding of background investigation information under Exemption 7(D) of FOIA); *Morley v. CIA*, 508 F.3d 1108, 1129 (D.C. Cir. 2007) (citing *Mittleman*, and upholding withholding based

6

on exemption 7(E) of the CIA's security clearance techniques involving a general process applied to all background investigations of its officers).

Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting the "relatively low bar for the agency to justify withholding" information under Exemption 7(E)).

The first clause of Exemption 7(E), protecting techniques and procedures used for law enforcement investigations, does not require that disclosure could reasonably risk circumvention of the law. *Ortiz v. U.S. Department of Justice*, 67 F. Supp. 3d 109, 122 (D.D.C. 2014) (the first clause affords categorical protection for "techniques and procedures" used in law enforcement investigations or prosecutions); *but see Dillon v. DOJ,* 102 F. Supp. 3d 272, 297-98 (D.D.C. 2016) (noting split at District Court level as to whether the first clause affords categorical protection). The second clause of the exemption allows for withholding information "not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009).

In *Morley,* the Court upheld the application of Exemption 7(E) to protect the disclosure of the CIA's security clearance techniques used for assessing the qualifications of applicants for

positions with the agency.  *Morley,* 508 F.3d at 1129.  The Court held that Exemption 7(E) can apply "even when the materials have not been compiled in the course of a specific investigation" and that "[i]t is self-evident that information revealing security clearance procedures could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates."  *Id.*

The information at issue in *Morley* is similar to the information at issue here.  Both types of information pertain to security clearance procedures, the disclosure of which could render those procedures vulnerable to circumvention.  The risk of circumvention here, moreover, is more than hypothetical.  OPM has previously been the subject of cyber-intrusions that impacted background investigation records similar to the information contained in the e-QIP system.  (Anderson Decl. ¶ 28) OPM thus has properly determined that release of the requested information could render its background investigation system vulnerable.  Thus, OPM has met its burden under Exemption 7(E).  *See also Piper v. Dep't of Justice,* 294 F. Supp. 2d 16, 30 (D.D.C. 2003) (explaining that an agency could properly withhold polygraph test information because its disclosure "has the potential to allow a cunning criminal to extrapolate a pattern or method to the FBI's questioning technique").

### B.     OPM ALSO PROPERLY RELIES ON EXEMPTION 2 OF FOIA.

OPM also relies on Exemption 2 as an additional basis to withhold the requested information.  (Anderson Decl. ¶¶ 20-25) Exemption 2 protects from disclosure information "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2). The Supreme Court's decision in *Milner v. U.S. Dep't of the Navy,* 131 S. Ct. 1259 (2011), eliminated the distinction between "High 2" and "Low 2" exemptions.  *Id.* at 1265.  In the wake of *Milner,* Exemption 2 "encompasses 'only records relating to issues of employee relations and

human resources.'" *Institute for Policy Studies v. CIA*, 885 F. Supp. 2d 120, 146 (D.D.C. 2012). OPM properly relies on Exemption 2 because the documents at issue – relating to the source codes, design and operation of e-QIP – concern the "internal personnel rules and practices" of OPM, which serves as a human resource function for the federal government (Anderson Decl. ¶¶ 21, 24). *Id.* ("Narrow construction of § 552(b)(2), particularly the phrase 'personnel rules and practices of an agency' would include the signature of a CIA officer, internal filing instructions and an internal cover sheet with administrative routing information."); *Sack v. DOJ,* 138 F. Supp. 3d 10, 12 (D.D.C. 2015) (documents relating to the selection process for FBI Polygraph Examiners properly withheld under Exemption 2).

In *Milner*, the Supreme Court identified three criteria for Exemption (b)(2) to apply. The document at issue must "concern[] the conditions of employment in federal agencies" such as "hiring"; "relat[e] solely" to an agency's personnel rules and practices; and the "agency must typically keep the records to itself for its own use." *Milner*, 131 S. Ct. at 1265 and 1265 n.4. Each of these requirements is met here. (Anderson Decl. ¶¶ 20-25)

The D.C. Circuit, moreover, has long observed that exemption 2 "exhibits a congressional judgment that material lacking external impact is unlikely to engage legitimate public interest, the touchstone of the policies underlying the Freedom of Information Act." *Cox v. DOJ,* 602 F.2d 1, 4 (D.C. Cir. 1979). Thus, the Court in *Cox* held that the public did not have a genuine interest in withheld portions of a United States Marshals' manual because that material did "not purport to regulate activities among members of the public" or "set standards to be followed by agency personnel in deciding whether to proceed against or take action affecting members of the public." *Id.* at 5. Rather, as the Court explained, the withheld information was "of legitimate interest only to members of the Marshals' staff," writing:

> It is apparent from the released portions of the Manual that Marshals carry loaded guns and that they use handcuffs. We can assume for our purposes that some members of the public have a legitimate interest in that information. It is quite a different matter, however, and in our judgment unreasonable, to expect that the public also has an interest in how many bullets are in a Marshal's gun or in whether the Marshals keep the keys to the handcuffs in their right hip pocket, a drawer, or elsewhere. Such information is of legitimate interest only to members of the Marshals' staff.

*Id.* at 5.   Likewise, the public does not have an interest in the source codes or design and operations manuals of OPM's e-QIP system.   That is of interest only to the OPM employees involved in maintaining and operating that software.[1]   (Anderson Decl. ¶¶ 24-25)   Accordingly, OPM has properly withheld the requested information under Exemption 2 of FOIA.

### C.   OPM Complied With FOIA's Segregability Requirement

Under the FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information subject to FOIA must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b).  Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).   To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Justice*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).   "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

---

[1]      To the extent there is an interest in knowing what information OPM considers significant when it conducts background investigations, and the type of information that could influence the outcome of those investigations, that would fall squarely within Exemption 7(e) to the extent it could be revealed by the source code and design and operations information sought in the FOIA request at issue. (Anderson Decl. ¶¶ 25, 31)

OPM has determined that Exemption 7(E) applies to all of the requested information and that non-exempt material could not be segregated in a manner that would provide meaningful information. (Anderson Decl. ¶¶ 34-35) Moreover, even if some of the requested information could be viewed as falling outside Exemption 7(E), OPM has determined that that information is "inextricably intertwined" with exempt information and that reasonable segregation therefore is not possible (*Id.*). *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

In addition, the D.C. Circuit has held that "a court may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Mead Data*, 566 F.2d at 261, n.55. Thus, even if it was theoretically possible to segregate and release some source code in a manner that would not compromise the security of the e-QIP system, the resulting release would be of such minimal informational content that such an endeavor is not required by FOIA. (Anderson Decl. ¶ 34-35)

Finally, even if the Court were to assume that some information is not subject to Exemption 7(E), and that any such information could be segregated in a meaningful manner from the rest of the requested information, that same information still would remain subject to Exemption 2 for the reasons discussed above. (Anderson Decl. ¶ 35) Accordingly, OPM has properly withheld the requested information, whether under Exemption 2 or 7(E), or some combination of both, and summary judgment therefore should be granted.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court grant summary judgment in favor of OPM as to all claims in this case.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _____/s/_____
JEREMY S. SIMON
D.C. BAR # 447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2016, I caused the foregoing to

be served by depositing it in first-class mail, postage pre-paid, and addressed as follows:

RONALD L. SHERIDAN, JR.
345 North Springdale Road
Westminster, MD 21158-4043


 /s/ Jeremy S. Simon
JEREMY S. SIMON
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-2528