UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD L. SHERIDAN, JR. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. OFFICE OF PERSONNEL ) <br> MANAGEMENT, ) <br> ) <br> Defendant. ) <br> ) | Case No. 16-cv-00805 (KBJ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
LOCAL RULE 7(H) STATEMENT**

Defendant, the United States Office of Personnel Management ("OPM"), responds as follows to Plaintiff's Local Rule 7(h) Statement ("Plaintiff's Statement") filed in support of Plaintiff's cross-motion for summary judgment.

As a threshold matter, Plaintiff's Statement does not comply with Local Rule 7(h) because it consists largely of immaterial facts and improper argument, all in violation of Local Rule 7(h). Thus to the extent the assertions in Plaintiff's Statement are denied by Defendant, those denials do not preclude the Court from granting Defendant's Motion for Summary Judgment. Likewise, Defendant objects to the allegations to Plaintiff's Statement to the extent they assert conclusions of law, opinion, and other matters immaterial to the legal issues in a FOIA lawsuit. Thus, any failure to further respond to such assertions should not result in the assertion being deemed conceded because, pursuant to Local Rule 7(h), the Court may assume a fact to be admitted only to the extent it is properly deemed a "material" fact. *See Williams v. Court Servs. & Offender Supervision Agency*, 110 F. Supp. 3d 111, 115 (D.D.C. 2015) ("Both of

Mr. Williams' statements violate the Local Rule because, at 86 pages, they are certainly not '*concise* statement[s] of genuine issues setting forth all material facts.' LCvR 7(h). His statements are replete with argument, speculation, conjecture, and assumptions. The alleged facts are largely 'not material to [his] substantive claims,'. . . , or merely 'describ[e] in lengthy detail the contextual and structural background surrounding Defendant's stated facts.'").

Responding specifically to the numbered paragraphs of Plaintiff's Statement, and using the same numbering, Defendant responds as follows:

1. Not disputed.
2. Not disputed.
3. Not disputed.
4. Not disputed.
5. Not disputed.
6. Not disputed.
7. Not disputed.
8. Not disputed.
9. Not disputed.
10. Not disputed that a final determination had not been made on Plaintiff's FOIA request as of the time this lawsuit was filed. Defendant otherwise responds that the referenced status report speaks for itself.
11. Denied. *See* Anderson Decl. ¶¶ 12-13, 19.
12. Not disputed.
13-16. The allegations in these paragraphs purport to paraphrase paragraphs 14-16 of the Anderson Declaration that accompanied Defendant's summary judgment motion.

2

   These allegations are disputed to the extent inconsistent with the referenced paragraphs of the Anderson Declaration and fail to establish any genuine issue of material fact because the Anderson Declaration is the best evidence of its content.

17-18. Although Defendant disputes these paragraphs, they fail to establish any genuine issue of material fact. As set forth in the Anderson Declaration, the e-QIP system is designated as "For Official Use Only," and release of the source code would render the private information of government employees obtained through the e-QIP system vulnerable to theft and misuse, and could otherwise compromise the background investigation process. Anderson Decl. ¶17, 28-33. The allegations in these paragraph also are immaterial to the withholding of source code information under Exemption 7(E) of FOIA. Finally, the assertions in these paragraphs are not supported by competent evidence. The cited paragraphs of the Said Declaration pertain to "open-source software" generally, not to the source code underlying the e-QIP system.

19. This paragraph is disputed and also is immaterial to the legal issue under Exemption 7(E) which applies when "disclosure could reasonably be expected to risk circumvention of the law", not that a "significant" risk of circumvention could be expected. 5 U.S.C. § 552(b)(7)(E); *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting the "relatively low bar for the agency to justify withholding" information under Exemption 7(E)). Plaintiff's own evidence, moreover, establishes that there is at least a "Moderate" increase in the likelihood of a threat event if the e-QIP source code was publicly disclosed and that such a threat event would be "highly likely" to have adverse impacts. (Ex. 3 to Said Decl., Risk Assessment)  Accordingly, Plaintiff concedes that disclosure could reasonably be expected to risk circumvention of the law.

3

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _____/s/_____
JEREMY S. SIMON
D.C. BAR # 447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov